Joshua J. Pollack (State Bar No. 215922)
jpollack@nixonpeabody.com
NIXON PEABODY LLP
300 S. Grand Avenue, Suite 4100
Los Angeles, California  90071-3151
Telephone: (213) 629-6000
Facsimile:  (213) 629-6001

Attorneys for Plaintiffs
CRAZY MAPLE STUDIO, INC., NEW LEAF
PUBLISHING, INC., and REELSHORT, LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRAZY MAPLE STUDIO, INC., a California corporation; NEW LEAF PUBLISHING, INC., a Delaware corporation; and REELSHORT LLC, a Delaware limited liability company, <br><br> Plaintiffs, <br><br> vs. <br><br> SKYWORK AI PTE LTD., a Singapore private limited company; and DOES 1 through 10, inclusive, <br><br> Defendants. | Case No. 2:26-cv-3119 <br><br> **COMPLAINT FOR COPYRIGHT INFRINGEMENT** <br><br><br> **DEMAND FOR JURY TRIAL** |

Plaintiffs Crazy Maple Studio, Inc., New Leaf Publishing, Inc., and ReelShort LLC (collectively, "Plaintiffs"), through undersigned counsel, for their Complaint against Defendant Skywork AI Pte Ltd. ("Defendant" or "Skywork"), and Does 1 through 10, inclusive (collectively, "Defendants"), state and allege as follows:

- 1 -

COMPLAINT

## NATURE OF THE ACTION

1.      This is an action for willful copyright infringement under the U.S. Copyright Act of 1976, as amended (17 U.S.C. § 101 *et seq.*).

2.      Plaintiffs own copyrights in six original short-form motion pictures distributed on Plaintiffs' ReelShort mobile application (the "ReelShort App") (collectively, the "Copyrighted Works").

3.      Skywork distributes short-form motion pictures through its competing DramaWave mobile application (the "DramaWave App"), available to U.S. consumers through the Google Play Store (https://play.google.com/store/apps/details?id=com.dramawave.app) and Apple App Store (https://apps.apple.com/us/app/dramawave-dramas-reels/id6670430706).

4.      Skywork has created, distributed, and commercially exploited six short-form motion pictures on its DramaWave App that copy protectable expression from and infringe Plaintiffs' Copyrighted Works (the "Infringing Works").

5.      The DramaWave App and ReelShort App compete in the same market for short-form motion pictures delivered via mobile applications, and the Infringing Works serve as market substitutes for the Copyrighted Works, causing harm to Plaintiffs' subscription and in-app purchase revenues.

6.      Plaintiffs seek injunctive relief, damages, Skywork's profits, costs, and attorneys' fees as permitted by law.

## PARTIES

7.      Plaintiff Crazy Maple Studio, Inc. ("Crazy Maple"), is a California corporation with its principal place of business located in Culver City, California.

8.      Plaintiff New Leaf Publishing, Inc. ("New Leaf"), is a Delaware corporation with its principal place of business located in Sunnyvale, California. Crazy Maple is the parent company and sole owner of New Leaf.

9.      Plaintiff ReelShort LLC ("ReelShort") is a Delaware limited liability company with its principal place of business located in Culver City, California.

- 2 -                                                    COMPLAINT

10.     Plaintiffs are informed and believe and based thereon allege that Defendant Skywork AI Pte Ltd. is a Singapore private limited company located at 2 Science Park Drive, #01-08, Ascent, Singapore 118222.

11.     The true names and capacities of the Defendants sued herein as Does 1 through 10, inclusive, are currently unknown to Plaintiffs, who therefore sue such Defendants by fictitious names. Plaintiffs will amend this Complaint to allege the true identities of such Doe Defendants when their identities are discovered. Plaintiffs are informed and believe and based thereon allege that each such fictitiously named Doe Defendant is responsible in some manner for the events alleged in this Complaint and that Plaintiffs' damages as alleged herein were proximately caused by the conduct of such Doe Defendants, and each of them. Plaintiffs are informed and believe and based thereon allege that Defendants in committing the acts and omissions alleged herein acted as agents and servants of one another, acted within the scope of their authority as agents and servants of each other, and/or approved and ratified the acts and/or omissions of each other.

## JURISDICTION AND VENUE

12.     This action arises under the U.S. Copyright Act of 1976, as amended (17 U.S.C. § 101 *et seq*.). This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

13.     Additionally, diversity jurisdiction exists pursuant to 28 U.S.C. § 1332, because Plaintiffs are citizens of California and/or Delaware, Skywork is a citizen of a foreign state, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

14.     Defendants are subject to personal jurisdiction in California with respect to this action. Defendants have purposefully directed their conduct at the United States and at California specifically, Plaintiffs' claims arise from such conduct, and the exercise of personal jurisdiction over Defendants here comports with fair play and substantial justice. Defendants have also purposefully availed

COMPLAINT

themselves of the benefits of doing business in the United States and California. For instance, Defendants have distributed their mobile DramaWave App to users in the United States and California, and made infringing materials, including, but not limited to, the Infringing Works, available on their DramaWave App, resulting in the infringing materials, including, but not limited to, the Infringing Works, being available to California residents. Plaintiffs are informed and believe and based thereon allege that Defendants derive income from their wrongful acts within this judicial district.

15.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and 1400(a) because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this district, Defendants have committed wrongful acts directed at this judicial district, and Defendants are subject to the Court's personal jurisdiction with respect to this action.

## FACTUAL BACKGROUND

*Plaintiffs' ReelShort Platform and the Copyrighted Works*

16.     Plaintiffs have developed the popular ReelShort App and https://reelshort.com/ website that are available in the United States, including this judicial district. The ReelShort App can be used on Android and Apple devices. It is available for download in the United States from Google Play and the Apple App Store. Plaintiffs' ReelShort App, https://reelshort.com website, and https://www.youtube.com/@reelshortapp YouTube channel offer users a unique experience to watch video shows of different genres.

17.     Since its launch in August 2022, the ReelShort App has rapidly emerged as a global leader in the short-form drama market, winning widespread acclaim.

18.     Plaintiffs generate revenues when users purchase "coins" in the ReelShort App or the https://reelshort.com website. Users must purchase "coins" in

COMPLAINT

order to, among other things, access certain contents in the ReelShort App or the https://reelshort.com website.

19. Plaintiffs profit from contracts and economic relationships they have created with their users of the ReelShort App or the https://reelshort.com website.

20. Plaintiffs are the owners of intellectual property rights of content available on the ReelShort App, the https://reelshort.com website, and the https://www.youtube.com/@reelshortapp YouTube channel, including the Copyrighted Works identified below.

21. The Copyrighted Works constitute copyrightable subject matter under 17 U.S.C. § 101 *et seq.* Each Copyrighted Work is an original and creative audiovisual work, fixed in a tangible medium of expression, that contains protectable expression, including, but not limited to, original plot; sequence of events; storyline; character development; dialogue; scene composition, selection, and arrangement; pacing; editing; and audiovisual presentation.

22. Plaintiffs own and hold exclusive rights in the Copyrighted Works, including the rights set forth in 17 U.S.C. § 106.

23. The Copyrighted Works are registered with the United States Copyright Office as follows:

| Copyrighted Work | Registration No. | Author/ Copyright Claimant | Registration Date |
|---|---|---|---|
| *Breaking the Ice* | PA 2-483-214 | New Leaf Publishing | August 5, 2024 |
| *Doctor Boss Is My Baby Daddy* | PAu 4-274-519 | ReelShort, LLC | May 30, 2025 |
| *How to Tame a Silver Fox* | PAu 4-258-413 | ReelShort, LLC | April 3, 2025 |
| *My Stepbrother's Dirty Secret* | PAu 4-272-796 | ReelShort, LLC | August 11, 2025 |
| *Pregnant by My Ex's Professor Dad* | PAu 4-274-225 | ReelShort, LLC | June 12, 2025 |

COMPLAINT

| *You Fired a Tech Genius* | PA 2-526-963 | ReelShort, LLC | April 6, 2025 |
|---|---|---|---|

24.     Attached hereto as **Exhibits 1-6** and incorporated herein by reference are copies of the Certificates of Registration issued by the U.S. Copyright Office for the Copyrighted Works. Plaintiffs have satisfied the registration prerequisite of 17 U.S.C. § 411(a).

25.     Each of the Copyrighted Works is available at least in the ReelShort App and the https://reelshort.com website, with excerpts from the copyrighted short-form motion pictures available on the https://www.youtube.com/@reelshortapp YouTube channel.

26.     New Leaf has complied with its obligations under the Copyright Act and has at all times been and still is the sole proprietor authorized to enforce all right, title, and interest in and to the copyright in the *Breaking the Ice* short-form motion picture. New Leaf has not sold and licensed its rights in the "Breaking the Ice" short-form motion picture, other than granting limited accesses to users to view the short-form motion picture.

27.     ReelShort has complied with its obligations under the Copyright Act and has at all times been and still is the sole proprietor authorized to enforce all rights, titles, and interests in and to the copyrights in the *Doctor Boss Is My Baby Daddy*, *How to Tame a Silver Fox*, *My Stepbrother's Dirty Secret*, *Pregnant by My Ex's Professor Dad*, and *You Fired a Tech Genius* short-form motion pictures. ReelShort has not sold and licensed its rights in the *Doctor Boss Is My Baby Daddy*, *How to Tame a Silver Fox*, *My Stepbrother's Dirty Secret*, *Pregnant by My Ex's Professor Dad*, and *You Fired a Tech Genius* short-form motion pictures, other than granting limited accesses to users to view the short-form motion pictures.

***Skywork's DramaWave Platform and the Infringing Works***

28.     Skywork operates and distributes the DramaWave App, a mobile application that offers short-form motion pictures to the public.

- 6 -

COMPLAINT

29.    The DramaWave App is available for download in the United States, including in California, through the Google Play Store and the Apple App Store.

30.    Plaintiffs are informed and believe and based thereon allege that Skywork monetizes and commercially exploits the DramaWave App and the Infringing Works through subscriptions, in-app purchases (including paid access to the Infringing Works), advertising, and/or other commercial means.

31.    Skywork, without authorization or license from Plaintiffs, has published, distributed, publicly performed, and/or publicly displayed the Infringing Works on the DramaWave App, including to users located in this judicial district. Plaintiffs are informed and believe and based thereon allege that Skywork's distribution of the Infringing Works through the DramaWave App involves, among other things, (a) reproducing copies of the Infringing Works on servers and other systems under Skywork's control; (b) transmitting and delivering copies of the Infringing Works to end-user devices; (c) publicly performing the Infringing Works by streaming them to members of the public; and (d) publicly displaying portions of the Infringing Works, including still images, previews, thumbnails, and episode screens, all without authorization or license from Plaintiffs.

32.    Skywork's Infringing Works correspond to and infringe Plaintiffs' Copyrighted Works as follows:

| Copyrighted Work (ReelShort) | Release Date (ReelShort) | Infringing Work (DramaWave) | Release Date (DramaWave) |
|---|---|---|---|
| *Breaking the Ice* | July 27, 2024 | *Lap by Lap, Back to You* | August 26, 2025 |
| *Doctor Boss Is My Baby Daddy* | June 11, 2025 | *Doctor, My Baby Is Yours!* | July 28, 2025 |
| *How to Tame a Silver Fox* | April 6, 2025 | *Hooking Up with Dad's Best Friend* | September 9, 2025 |
| *My Stepbrother's Dirty Secret* | May 16, 2025 | *My Taboo Crush on My Stepbrother* | October 28, 2025 |

COMPLAINT

| Copyrighted Work (ReelShort) | Release Date (ReelShort) | Infringing Work (DramaWave) | Release Date (DramaWave) |
|---|---|---|---|
| *Pregnant by My Ex's Professor Dad* | June 13, 2025 | *Tempted by My Ex's Professor Daddy* | August 28, 2025 |
| *You Fired a Tech Genius* | January 16, 2025 | *From Fired to Financial Queen* | December 10, 2025 |

33.     Skywork first published, distributed, publicly performed, and/or publicly displayed each Infringing Work on the DramaWave App after Plaintiffs created and made available to the public the corresponding Copyrighted Work on the ReelShort App.

34.     Skywork had access to the Copyrighted Works, including without limitation because they are publicly available and distributed on the ReelShort App. In addition, the degree and pattern of similarity between the Copyrighted Works and the corresponding Infringing Works is so extensive and particularized that it is independently probative of Skywork's copying. The one-to-one correspondence between Plaintiffs' Copyrighted Works and Skywork's Infringing Works, combined with the timing of release and the repeated replication of core story arcs across multiple works, reflects a pattern of copying rather than coincidence.

35.     Skywork, without authorization or license from Plaintiffs, copied original, protectable expression from the Copyrighted Works and incorporated that expression into the Infringing Works, including, but not limited to, protectable plot, sequence of events, storyline, character development, dialogue, scene composition, selection, and arrangement, pacing, editing, and audiovisual presentation. Skywork's copying is substantial, concerns protectable expression, and extends well beyond unprotectable ideas, general themes, stock elements, or scènes à faire.

36.     Skywork's Infringing Work *Lap by Lap, Back to You* is substantially similar to Plaintiff's Copyrighted Work *Breaking the Ice*. The core events that define the story arc in both works—scene for scene and in the same sequence—are identical. In both works, there is a young couple in love and the male lead has a

COMPLAINT

promising future as a professional athlete. The couple becomes pregnant and the female lead hides the pregnancy from the male lead when she is threatened that she will ruin his life with a baby. In an effort to allow the male lead to achieve his dreams, the female lead breaks up with him. Eight years later, the male lead is a superstar who is unaware of the child and coincidentally bumps into the female lead, who is working a humble job to raise the child by herself. The male lead hires the female lead to bring them closer together, as he never forgot the female lead. Another woman tries to get between the two, believing she is the right person for the superstar athlete. The female lead struggles whether to tell the male lead about their child or keep the secret. The child brings the two closer again and eventually the male lead learns that he is the child's father. The family is reunited in the end after a public announcement of their relationship and status.

37.    The substantial similarities between Plaintiffs' *Breaking the Ice* and Skywork's infringing *Lap by Lap, Back to You* are not limited to the story arc. Attached hereto as **Exhibit 7** and incorporated herein by reference as though set forth in full is a detailed summary of substantial similarities between the two works, including plot and specific sequence of events, characters, themes, setting, mood, pace, and dialogue. Attached hereto as **Exhibit 8** and incorporated herein by reference as though set forth in full is a comparison chart of the two works, with screenshots.

38.    Skywork's Infringing Work *Doctor, My Baby is Yours!* is substantially similar to Plaintiff's Copyrighted Work *Doctor Boss Is My Baby Daddy*. The story progression in both works follows exactly the same order and logic, from beginning to development and to the turning points, with key plot points corresponding one-to-one. In both works, a medical intern faces immense pressure from her family due to a sick parent who needs money for their medical care. The intern has a one-night stand with a stranger, who turns out to be a doctor and her boss at the hospital, and she becomes pregnant. The woman's family tries to exploit her connection to get

COMPLAINT

money and is lying to her about the parent's illness. A jealous and intervening co-worker makes life difficult, and a woman in the man's life, who he believes saved him as a child, tries to keep the leads apart. Despite the obstacles and misunderstandings in their relationship, the male and female leads grow close and have a connection. Eventually, the doctor learns of the intern's pregnancy and that he is the father, and they learn they are pregnant with twins. The doctor's mother welcomes the intern into their lives. An investigation reveals the pregnant intern is actually the little girl who saved the doctor when he was boy. The doctor rescues the woman from her abusive family members and, amid the secrets and surprises, their love manages to bring them a happy ending with their babies.

39.     The substantial similarities between Plaintiffs' *Doctor Boss Is My Baby Daddy* and Skywork's infringing *Doctor, My Baby is Yours!* are not limited to the story progression. Attached hereto as **Exhibit 9** and incorporated herein by reference as though set forth in full is a detailed summary of substantial similarities between the two works, including plot and specific sequence of events, characters, specific character backgrounds, and key dialogue. Attached hereto as **Exhibit 10** and incorporated herein by reference as though set forth in full is a comparison chart of the two works, with screenshots.

40.     Skywork's Infringing Work *Hooking Up With Dad's Best Friend* is substantially similar to Plaintiff's Copyrighted Work *How to Tame a Silver Fox*. The stories reflect the same narrative structure and conflict and resolution pattern, follow the same sequence of events featuring the same characters, and the overall story lines are identical. In both works, a young woman is in danger and calls her wealthy father for help. The father cannot help personally, and asks his best friend to rescue his daughter. Immediately, the daughter and best friend have a sexual connection that they realize they should not act on but have a hard time ignoring. The father's best friend has a dangerous history, but is placed in charge of the daughter's safety and well-being, and quickly embraces an overprotective role,

- 10 -

COMPLAINT

seeking to keep her from various types of harm by moving into her lavish house with her. The father's friend is dangerous and desirable, but taboo. In an effort to earn her freedom, the daughter tries to seduce him so he will be kicked out. The daughter faces a series of obstacles, including a scheme of sabotage from a peer student in an effort to destroy her senior thesis project and danger from a woman in the best friend's past. Each time, the father's best friend comes to the rescue, drawing him closer to the young woman and endearing him to her. Eventually, the young woman is kidnapped and her father and his best friend team up to rescue her, earning the father's admiration and acceptance of their relationship.

41.    The substantial similarities between Plaintiffs' *How to Tame a Silver Fox* and Skywork's infringing work *Hooking Up With Dad's Best Friend* are not limited to the narrative structure and story lines. Attached hereto as **Exhibit 11** and incorporated herein by reference as though set forth in full is a detailed summary of substantial similarities between the two works, including the plot and specific sequence of events, characters, themes, setting, mood, pace, and dialogue. Attached hereto as **Exhibit 12** and incorporated herein by reference as though set forth in full is a comparison chart of the two works, with screenshots.

42.    Skywork's Infringing Work *My Taboo Crush On My Stepbrother* is substantially similar to Plaintiff's Copyrighted Work *My Stepbrother's Dirty Secret*. The narrative structure in both works is the same, and they share a unique sequence of plot points that occur in exactly the same order. In both works, a young woman's father dies and her mother remarries a rich man with a rebellious son, her new stepbrother, and the mother is unsupportive of her daughter. Almost immediately, the new stepsiblings are engaged in conflict and tension that starts with harmless teasing and quickly escalates to forbidden sexual tension and confusion. At her new school, the girl is faced with a rival classmate who desires the stepbrother and wants to humiliate and damage the new student's reputation. The conflict forces the stepsiblings together, as the boy steps up to defend the girl,

leading to their attraction for one another. As the story progresses, the pair find a connection and support each other through difficulties, but try to fight their attraction given their home life. At home, the mother forbids the relationship for fear of ruining her new marriage, blaming and abusing her daughter. After determining they want to be together while trying to hide their relationship, the two ultimately overcome all obstacles, including their parents, for a happy resolution.

43.    The substantial similarities between Plaintiffs' *My Stepbrother's Dirty Secret* and Skywork's infringing work *My Taboo Crush On My Stepbrother* are not limited to the narrative structure. Attached hereto as **Exhibit 13** and incorporated herein by reference as though set forth in full is a detailed summary of substantial similarities between the two works, including the plot and specific sequence of events, characters, themes, setting, mood, and pace. Attached hereto as **Exhibit 14** and incorporated herein by reference as though set forth in full is a comparison chart of the two works, with screenshots.

44.    Skywork's Infringing Work *Tempted by My Ex's Professor Daddy* is substantially similar to Plaintiff's Copyrighted Work *Pregnant by My Ex's Professor Dad*. The two works share an identical overall narrative and story arc. In both works, a promising young student is set to begin her higher-level education at a prestigious university when she learns that her boyfriend has cheated on her. She is hurt, and has a one-night affair with an older man. She learns shortly thereafter that the man is not only her ex's father but her professor, creating two levels of conflict between the two lead characters. There are identical scenes in the two works where the relationship between the lead characters faces obstacles, including (i) an intentional switch of changing room signs, leading to an accidental meeting and an intimate moment, (ii) a power outage scene where the leads kiss in the dark, symbolizing their clandestine relationship but allowing for a private moment, (iii) the professor learning of the student's pregnancy while she is in the hospital, and (iv) the student's ex-boyfriend searching for the woman at his father's house, where

she is secretly staying. The reveal of their relationship results in the professor resigning, choosing the student and their baby over his career aspirations. Each story ends with a happy finale five years later, showing the woman as a professor with their daughter.

45.    The substantial similarities between Plaintiffs' *Pregnant by My Ex's Professor Dad* and Skywork's infringing work *Tempted by My Ex's Professor Daddy* are not limited to the overall narrative and story arc. Attached hereto as **Exhibit 15** and incorporated herein by reference as though set forth in full is a detailed summary of substantial similarities between the two works, including plot and specific sequence of events, characters, setting, events, and pace. Attached hereto as **Exhibit 16** and incorporated herein by reference as though set forth in full is a comparison chart of the two works, with screenshots.

46.    Skywork's Infringing Work *From Fired to Financial Queen* is substantially similar to Plaintiff's Copyrighted Work *You Fired A Financial Genius*. The narrative structure in both works is the same, and they share a unique sequence of plot points that occur in exactly the same order. In both works, a tech company faces a significant and urgent tech issue. An unassuming employee saves the day, working overnight to fix the problem and save the company. A new CEO comes in and does not realize the importance and value of the employee, who he fires. The new CEO learns from the former CEO that there is a key employee who is an industry leader genius that he must retain, but he mistakenly believes another employee with a similar name is the key employee. The other employee who was not fired takes advantage of the situation, impersonates the genius, and tries to utilize the genius' left behind work product for their own gain. The genius is recruited to a competitive company and knows their former company is working with faulty technology that is unreliable and will not succeed. The genius' former company faces a series of setbacks with the imposter employee and unqualified

COMPLAINT

employees. The two companies launch their competitive products and the genius makes their mark at the new company, leading to a highly successful launch.

47. The substantial similarities between Plaintiffs' *You Fired A Financial Genius* and Skywork's infringing work *From Fired to Financial Queen* are not limited to the narrative structure. Attached hereto as **Exhibit 17** and incorporated herein by reference as though set forth in full is a detailed summary of substantial similarities between the two works, including the plot and specific sequence of events, characters, themes, setting, mood, pace, and dialogue. Attached hereto as **Exhibit 18** and incorporated herein by reference as though set forth in full is a comparison chart of the two works, with screenshots.

***Plaintiffs' Notices of Infringement to Skywork***

48. On December 29, 2025, and January 12, 2026, Plaintiffs sent emails notifying Skywork that *Lap By Lap, Back to You* infringed Plaintiffs' copyright in *Breaking the Ice*. Plaintiffs demanded that Skywork remove the Infringing Work from the DramaWave App.

49. On December 22, 2025, and December 29, 2025, Plaintiffs sent emails notifying Skywork that *Doctor, My Baby Is Yours!* infringed Plaintiffs' copyright in *Doctor Boss Is My Baby Daddy*. Plaintiffs demanded that Skywork remove the Infringing Work from the DramaWave App.

50. On December 2, 2025, and December 29, 2025, Plaintiffs sent emails notifying Skywork that *Hooking Up with Dad's Best Friend* infringed Plaintiffs' copyright in *How to Tame a Silver Fox*. Plaintiffs demanded that Skywork remove the Infringing Work from the DramaWave App.

51. On December 2, 2025, and December 29, 2025, Plaintiffs sent emails notifying Skywork that *My Taboo Crush on My Stepbrother* infringed Plaintiffs' copyright in *My Stepbrother's Dirty Secret*. Plaintiffs demanded that Skywork remove the Infringing Work from the DramaWave App.

COMPLAINT

52. On September 12, 2025, September 29, 2025, and December 29, 2025, Plaintiffs sent emails notifying Skywork that *Tempted by My Ex's Professor Daddy* infringed Plaintiffs' copyright in *Pregnant by My Ex's Professor Dad*. Plaintiffs demanded that Skywork remove the Infringing Work from the DramaWave App.

53. After receiving the above notices, and despite having the ability to remove, disable access to, or otherwise stop distribution of the Infringing Works through the DramaWave App, Skywork continued to make the Infringing Works available to the public through the DramaWave App, supporting a finding of willfulness.

## **FIRST CLAIM FOR RELIEF**

### **(Copyright Infringement - 17 U.S.C. § 101 et seq.)**

54. Plaintiffs repeat, reallege, and incorporate by reference each and every allegation contained in Paragraphs 1 through 53, inclusive, of this Complaint as if fully set forth herein.

55. New Leaf and ReelShort own valid copyrights in the Copyrighted Works.

56. New Leaf is the author and current owner of entire right, title, and interest in the *Breaking the Ice* short-form motion picture, and is the registrant of the U.S. copyright registration of that short-form motion picture.

57. ReelShort is the author and current owner of entire right, title, and interest in the short-form motion pictures *Doctor Boss Is My Baby Daddy*, *How to Tame a Silver Fox*, *My Stepbrother's Dirty Secret*, *Pregnant by My Ex's Professor Dad*, and *You Fired a Tech Genius*, and is the registrant of the U.S. copyright registrations of those short-form motion pictures.

58. Defendants have intentionally, knowingly, and willfully infringed Plaintiffs' copyrights in the Copyrighted Works by violating Plaintiffs' exclusive rights under 17 U.S.C. § 106, including the rights to reproduce, prepare derivative works, distribute copies, and publicly perform and/or publicly display the

Copyrighted Works, including, but not limited to, by distributing, publicly displaying, making publicly available, and otherwise exploiting the Infringing Works through the DramaWave App in an unauthorized manner and without Plaintiffs' consent.

59.     Plaintiffs have been damaged as a direct and proximate result of Defendants' unlawful conduct. Plaintiffs have suffered and continue to suffer direct and actual damages as a result of Defendants' infringing conduct as alleged herein. To determine the full extent of such damages, including such profits that may be recoverable under 17 U.S.C. § 504, Plaintiff will require an accounting from Defendants of all monies generated from Defendants' illegal conduct as alleged herein. In the alternative, Plaintiff may elect to recover statutory damages pursuant to 17 U.S.C. § 504(c). Further, Plaintiff is entitled to recover willful infringement damages, including damages pursuant to 17 U.S.C. § 504(c)(2).

60.     Plaintiffs have no adequate remedy at law and have suffered and continue to suffer irreparable harm and damage as a result of Defendants' above-described acts. Plaintiffs are informed and believe and based thereon allege that, unless enjoined by the Court, the unlawful infringement by Defendants of Plaintiffs' copyrights will continue with irreparable harm and damage to Plaintiffs. Accordingly, Plaintiffs seek and request permanent injunctive relief pursuant to 17 U.S.C § 502.

61.     By reason of the foregoing, Plaintiffs have incurred and will continue to incur attorney's fees and other costs in connection with the prosecution of their claims herein, which attorney's fees and costs Plaintiffs are entitled to recover from Defendants pursuant to 17 U.S.C. § 505.

62.     Since the date of the first publication of each of the Copyrighted Works, Plaintiffs have complied with all pertinent provisions of the Copyright Act and all other laws governing copyright with respect to their original works.

- 16 -

COMPLAINT

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully pray that this Court enter judgment in their favor and award them relief, including, but not limited to, the following:

1.      Judgment in favor of Plaintiffs and against Defendants;

2.      Preliminary and permanent injunctive relief under 17 U.S.C. § 502 restraining and enjoining Defendants and each of their employees, agents, representatives, attorneys, successors, assigns, and all persons acting or claiming to act on their behalf or under their direction or authority from further infringement of Plaintiffs' copyrights in the Copyrighted Works, including (a) removal of the Infringing Works from the DramaWave App and all other channels, platforms, and applications; and (b) halting all promotion, marketing, and profit-generating activities related to the Infringing Works;

3.      An order finding that Defendants' infringement of Plaintiffs' rights under the Copyright Act is willful.

4.      Actual damages, in an amount to be calculated at trial, pursuant to 17 U.S.C. § 504 or, in the alternative, statutory damages provided for in 17 U.S.C. § 504(c);

5.      An order for an accounting and an award of Defendants' profits (including direct and indirect profits) pursuant to 17 U.S.C. § 504;

6.      Plaintiffs' costs and reasonable attorney's fees pursuant to 17 U.S.C. § 505;

7.      Pre-judgment and post-judgment interest; and

8.      Any and all such other and further relief, in law or in equity, to Plaintiffs as the Court deems just and proper.

COMPLAINT

## **DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38, Plaintiffs demand a jury trial on all issues in this case so triable.

Dated: March 23, 2026                    NIXON PEABODY LLP


By:*/s/ Joshua J. Pollack*

Joshua J. Pollack

Attorneys for Plaintiffs
CRAZY MAPLE STUDIO, INC.,
NEW LEAF PUBLISHING, INC.,
and REELSHORT, LLC

COMPLAINT