ELEANOR M. LACKMAN (SBN 298594)
eml@msk.com
ROBERT H. ROTSTEIN (SBN 72452)
rxr@msk.com
MITCHELL SILBERBERG & KNUPP LLP
2049 Century Park East, 18th Floor
Los Angeles, CA 90067-3120
Telephone: (310) 312-2000
Facsimile: (310) 312-3100

*Attorneys for Skywork AI Pte Ltd., a Singapore Private Limited Company*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

CRAZY MAPLE STUDIO, INC., a California corporation; NEW LEAF PUBLISHING, INC., a Delaware corporation; and REELSHORT LLC, a Delaware limited liability company,

Plaintiffs,

v.

SKYWORK AI PTE LTD., a Singapore private limited company; and DOES 1 through 10, INCLUSIVE,

Defendants.

CASE NO. 2:26-cv-03119 RGK (AJRx)

**DEFENDANT SKYWORK AI PTE LTD.'S ANSWER AND COUNTERCLAIM TO PLAINTIFFS' COMPLAINT**

**Demand For Jury Trial**

Honorable R. Gary Klausner

Defendant Skywork AI Pte Ltd. ("Defendant" or "Skywork"), by and through its undersigned counsel, hereby responds on behalf of itself, and for no other defendants, to the Complaint for Copyright Infringement (the "Complaint") filed by Plaintiffs Crazy Maple Studio, Inc., New Leaf Publishing, Inc., and ReelShort LLC (collectively, "Plaintiffs"). All allegations not expressly admitted herein are denied. Defendant alleges as follows:

## NATURE OF THE ACTION

1. To the extent the allegations in Paragraph 1 are legal arguments or conclusions, they require no answer. To the extent a response is required, Defendant denies the allegations in Paragraph 1.

2. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 and denies them on that basis.

3. Defendant admits that it distributes short-form motion pictures through the DramaWave mobile application (the "DramaWave App") and that the DramaWave App is available to consumers in the United States through the Google Play Store and the Apple App Store. Defendant denies the remaining allegations of Paragraph 3.

4. Defendant admits that it has created and distributed six short-form motion pictures through its DramaWave App. Defendant denies that those works copy protectable expression from or infringe Plaintiffs' Copyrighted Works and denies the remaining allegations contained in Paragraph 4.

5. Defendant denies the allegations in Paragraph 5.

6. Defendant admits that Plaintiffs' Complaint purports to seek injunctive relief, damages, Defendant's profits, costs, and attorneys' fees. To the extent the allegations in Paragraph 6 are legal arguments or conclusions, they require no answer.

## PARTIES

7. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 and denies them on that basis.

8. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 and denies them on that basis.

9. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 and denies them on that basis.

10. Defendant admits the allegations in Paragraph 10.

11. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the fictitiously named Doe defendants and denies them on that basis. Defendant denies the remaining allegations in Paragraph 11, including that it acted as an agent or servant of, or ratified the acts of, any other person or entity.

## JURISDICTION AND VENUE

12. To the extent the allegations in Paragraph 12 are legal arguments or conclusions, they require no answer. To the extent a response is required, Defendant does not contest that this Court has subject matter jurisdiction over this action.

13. Defendant admits that it is a citizen of a foreign state. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 13 concerning Plaintiffs' citizenship and denies them on that basis. Defendant denies the remaining allegations in Paragraph 13.

14. Defendant admits that it distributes the DramaWave App to users in the United States, including California. Defendant does not contest personal jurisdiction in this matter. Defendant denies the remaining allegations in Paragraph

14, including that it committed any wrongful acts or derived income from wrongful acts.

15. Defendant does not contest that venue is proper in this District. Defendant denies the remaining allegations in Paragraph 15, including that it committed any wrongful acts.

**FACTUAL BACKGROUND**

16. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 and denies them on that basis.

17. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 and denies them on that basis.

18. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 and denies them on that basis.

19. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 and denies them on that basis.

20. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 and denies them on that basis.

21. To the extent the allegations in Paragraph 21 are legal arguments or conclusions, they require no answer. To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 and denies them on that basis.

22. To the extent the allegations in Paragraph 22 are legal arguments or conclusions, they require no answer. To the extent a response is required,

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 and denies them on that basis.

23. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 and denies them on that basis, except that Defendant denies that Plaintiffs have satisfied the registration prerequisite of 17 U.S.C. § 411(a) with respect to *Breaking the Ice*.

24. Defendant admits that Exhibits 1-6 to the Complaint purport to be copies of Certificates of Registration issued by the U.S. Copyright Office. Those documents speak for themselves. Defendant denies that Plaintiffs have satisfied the registration prerequisite of 17 U.S.C. § 411(a) with respect to *Breaking the Ice*. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 24 and denies them on that basis.

25. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 and denies them on that basis.

26. To the extent the allegations in Paragraph 26 are legal arguments or conclusions, they require no answer. To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 and denies them on that basis, except that Defendant denies that New Leav has complied with its obligations under the Copyright Act with respect to *Breaking the Ice* and satisfied the registration prerequisite of 17 U.S.C. § 411(a) with respect to *Breaking the Ice*.

27. To the extent the allegations in Paragraph 27 are legal arguments or conclusions, they require no answer. To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 and denies them on that basis.

28. Defendant admits the allegations in Paragraph 28.

29. Defendant admits the allegations in Paragraph 29.

30. Defendant admits that it monetizes the DramaWave App through subscriptions, in-app purchases, advertising, and/or other commercial means. Defendant denies the remaining allegations contained in Paragraph 30, including that any works on the DramaWave App are "infringing."

31. Defendant denies the allegations in Paragraph 31.

32. Defendant admits that the DramaWave titles identified in Paragraph 32 were released on or about the dates indicated for those titles. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the release dates of Plaintiffs' works and denies them on that basis. Defendant denies that those works "correspond to and infringe" Plaintiffs' Copyrighted Works and denies the remaining allegations contained in Paragraph 32.

33. Defendant denies the allegations in Paragraph 33.

34. To the extent the allegations in Paragraph 34 concern the element of access or otherwise state legal arguments or conclusions, they require no answer. To the extent a response is required, Defendant denies that Plaintiffs can establish access and denies that any similarity between the works is "independently probative" of copying or "reflects a pattern of copying rather than coincidence." Defendant avers that there are more than 8,000 distinct works on the DramaWave platform, and Plaintiffs have asserted claims, which Defendant contends are meritless, as to just six of them. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the extent of the distribution or availability of the Copyrighted Works and denies them on that basis. Defendant denies the remaining allegations in Paragraph 34.

35. Defendant denies the allegations in Paragraph 35.

36. Defendant denies the allegations in Paragraph 36.

37. Defendant admits that Exhibits 7 and 8 to the Complaint purport to contain the summary and comparison chart described in Paragraph 37. Those

documents speak for themselves. Defendant denies the characterization that any "substantial similarities" exist and denies the remaining allegations contained in Paragraph 37.

38. Defendant denies the allegations in Paragraph 38.

39. Defendant admits that Exhibits 9 and 10 to the Complaint purport to contain the summary and comparison chart described in Paragraph 39. Those documents speak for themselves. Defendant denies the characterization that any "substantial similarities" exist and denies the remaining allegations contained in Paragraph 39.

40. Defendant denies the allegations in Paragraph 40.

41. Defendant admits that Exhibits 11 and 12 to the Complaint purport to contain the summary and comparison chart described in Paragraph 41. Those documents speak for themselves. Defendant denies the characterization that any "substantial similarities" exist and denies the remaining allegations contained in Paragraph 41.

42. Defendant denies the allegations in Paragraph 42.

43. Defendant admits that Exhibits 13 and 14 to the Complaint purport to contain the summary and comparison chart described in Paragraph 43. Those documents speak for themselves. Defendant denies the characterization that any "substantial similarities" exist and denies the remaining allegations contained in Paragraph 43.

44. Defendant denies the allegations in Paragraph 44.

45. Defendant admits that Exhibits 15 and 16 to the Complaint purport to contain the summary and comparison chart described in Paragraph 45. Those documents speak for themselves. Defendant denies the characterization that any "substantial similarities" exist and denies the remaining allegations contained in Paragraph 45.

46. Paragraph 46 refers to a purported Copyrighted Work titled *You Fired A Financial Genius*. No work by that title is identified in Paragraph 23 of the Complaint or, to Defendant's knowledge, registered to any Plaintiff, and Defendant therefore denies that it has infringed any such work. To the extent Paragraph 46 intends to refer to the work identified elsewhere in the Complaint as *You Fired a Tech Genius*, Defendant denies the allegations in Paragraph 46.

47. Paragraph 47 likewise refers to *You Fired A Financial Genius*, a work not identified in Paragraph 23 of the Complaint. Defendant admits that Exhibits 17 and 18 to the Complaint purport to contain the summary and comparison chart described in Paragraph 47. Those documents speak for themselves. Defendant denies the characterization that any "substantial similarities" exist and denies the remaining allegations contained in Paragraph 47.

48. Defendant admits that it received email correspondence from Plaintiffs referencing *Lap By Lap, Back to You* on or about the dates alleged. Any such correspondence speaks for itself. Defendant denies that *Lap By Lap, Back to You* infringed Plaintiffs' copyright in *Breaking the Ice* and denies the remaining allegations contained in Paragraph 48.

49. Defendant admits that it received email correspondence from Plaintiffs referencing *Doctor, My Baby Is Yours!* on or about the dates alleged. Any such correspondence speaks for itself. Defendant denies that *Doctor, My Baby Is Yours!* infringed Plaintiffs' copyright in *Doctor Boss Is My Baby Daddy* and denies the remaining allegations contained in Paragraph 49.

50. Defendant admits that it received email correspondence from Plaintiffs referencing *Hooking Up with Dad's Best Friend* on or about the dates alleged. Any such correspondence speaks for itself. Defendant denies that *Hooking Up with Dad's Best Friend* infringed Plaintiffs' copyright in *How to Tame a Silver Fox*, and denies the remaining allegations contained in Paragraph 50.

51. Defendant admits that it received email correspondence from Plaintiffs referencing *My Taboo Crush on My Stepbrother* on or about the dates alleged. Any such correspondence speaks for itself. Defendant denies that *My Taboo Crush on My Stepbrother* infringed Plaintiffs' copyright in *My Stepbrother's Dirty Secret* and denies the remaining allegations contained in Paragraph 51.

52. Defendant admits that it received email correspondence from Plaintiffs referencing *Tempted by My Ex's Professor Daddy* on or about the dates alleged. Any such correspondence speaks for itself. Defendant denies that *Tempted by My Ex's Professor Daddy* infringed Plaintiffs' copyright in *Pregnant by My Ex's Professor Dad* and denies the remaining allegations contained in Paragraph 52.

53. Defendant denies the allegations in Paragraph 53.

## **FIRST CLAIM FOR RELIEF**

**(Copyright Infringement – 17 U.S.C. § 101 *et seq.*)**

54. Defendant re-alleges and incorporates herein by reference its responses to Paragraphs 1 through 53 as though fully set forth herein.

55. To the extent the allegations in Paragraph 55 are legal arguments or conclusions, they require no answer. To the extent a response is required, Defendant denies that Plaintiffs own a valid copyright in, or hold a valid copyright registration for, *Breaking the Ice*. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 55 and denies them on that basis.

56. To the extent the allegations in Paragraph 56 are legal arguments or conclusions, they require no answer. To the extent a response is required, Defendant admits that New Leaf is identified as the claimant on U.S. Copyright Registration No. PA 2-483-214, Defendant denies that New Leaf is the author of the entire *Breaking the Ice* motion picture, denies that New Leaf owns the entire

right, title, and interest in that work, and denies that Plaintiffs have satisfied the registration prerequisite of 17 U.S.C. § 411(a) with respect to *Breaking the Ice*. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 56, and denies them on that basis.

57. To the extent the allegations in Paragraph 57 are legal arguments or conclusions, they require no answer. To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 57 and denies them on that basis.

58. Defendant denies the allegations in Paragraph 58.

59. To the extent the allegations in Paragraph 59 are legal arguments or conclusions, they require no answer. To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiffs' alleged damages and denies them on that basis. Defendant denies the remaining allegations contained in Paragraph 59.

60. To the extent the allegations in Paragraph 60 are legal arguments or conclusions, they require no answer. To the extent a response is required, Defendant denies the allegations in Paragraph 60.

61. To the extent the allegations in Paragraph 61 are legal arguments or conclusions, they require no answer. To the extent a response is required, Defendant denies the allegations in Paragraph 61.

62. Defendant denies that Plaintiffs have complied with all pertinent provisions of the Copyright Act, including with respect to the registration of *Breaking the Ice*. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 62 and denies them on that basis.

## **PRAYER FOR RELIEF**

Defendant denies that Plaintiffs are entitled to the relief requested in the Complaint or to any other relief whatsoever.

## AFFIRMATIVE AND OTHER DEFENSES

Without waiving or excusing Plaintiffs' burden of proof or admitting that Skywork has any burden of proof, Skywork asserts the following affirmative and other defenses. Skywork does not presently know all facts and circumstances with respect to Plaintiffs' allegations and therefore reserves the right to amend this Answer should it later discover facts demonstrating the existence of additional defenses.

### FIRST AFFIRMATIVE DEFENSE

**(Lack of Standing)**

Plaintiffs lack standing, in whole or in part, to bring the claims and seek the relief against Skywork as set forth in the Complaint, including because Plaintiff Crazy Maple Studio, Inc. is neither the legal owner nor the beneficial owner of any exclusive right under copyright in the works asserted and is therefore not entitled to institute an action for infringement under 17 U.S.C. § 501(b), and because Plaintiffs are not the legal or beneficial owners of all of the rights asserted in their copyright infringement claims.

### SECOND AFFIRMATIVE DEFENSE

**(Independent Creation)**

Plaintiffs' claims are barred, in whole or in part, because Defendant's works were independently created.

### THIRD AFFIRMATIVE DEFENSE

**(No Basis for Injunctive Relief)**

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have an adequate remedy at law; because, to the extent Plaintiffs have suffered any harm, which Defendant denies, such harm is neither irreparable nor ongoing; because the balance of hardships does not favor an injunction; and because the public interest would not be served by the injunctive relief Plaintiffs seek.

**FOURTH AFFIRMATIVE DEFENSE**

**(Estoppel)**

Plaintiffs' claims are barred, in whole or in part, by the doctrine of equitable estoppel to the extent that Plaintiffs, with knowledge of the availability of the accused works on the DramaWave App, engaged in conduct—including by delay, by silence in the face of a duty to speak, or by representations or communications to Defendant or to third parties—on which Defendant reasonably relied, in ignorance of the true facts, and as a result of which Defendant would be prejudiced by the relief Plaintiffs now seek.

**FIFTH AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

The Complaint and its causes of action are barred by the doctrine of unclean hands, including due to Plaintiffs' conduct at the Copyright Office.

**SIXTH AFFIRMATIVE DEFENSE**

**(Extraterritoriality)**

To the extent Plaintiffs' claims involve alleged infringement and resulting damages for alleged infringement that occurred outside of the United States, those claims are barred under the Copyright Act.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Innocent Infringement / No Willfulness)**

The alleged acts of infringement by Defendant, if any occurred, were innocent and not committed willfully. Defendant created and distributed the accused works without knowledge of any claimed infringement, and, upon receiving Plaintiffs' notices, Defendant acted in the good-faith and reasonable belief that its works do not infringe any valid copyright of Plaintiffs. In addition, the Complaint alleges no pre-suit notice at all concerning the accused work *From Fired to Financial Queen* or the asserted work *You Fired a Tech Genius*. Plaintiffs'

pre-suit correspondence likewise addressed only five of the six works asserted in the Complaint.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Apportionment)**

Any purported damages sought by Plaintiffs in the form of Defendant's profits are limited by apportionment to the percentage of profits attributable to the alleged infringing elements, not the entirety of Defendant's profits.

**NINTH AFFIRMATIVE DEFENSE**

**(Invalid or Defective Registration)**

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs do not possess valid copyright registrations for one or more of the works asserted, including because one or more registrations were obtained on the basis of information that was inaccurate and that was submitted with knowledge of its inaccuracy within the meaning of 17 U.S.C. § 411(b), and because Plaintiffs have therefore not satisfied the registration prerequisite of 17 U.S.C. § 411(a).

**TENTH AFFIRMATIVE DEFENSE**

**(Limited Scope of Copyright in a Derivative Work)**

To the extent any work asserted in the Complaint is a derivative work, the copyright in that work extends only to the material contributed by its author, as distinguished from the preexisting material employed in the work, and confers no exclusive right in the preexisting material. 17 U.S.C. § 103(b).

Defendant reserves the right to assert and rely upon additional affirmative defenses that become available or known during the course of this action, or otherwise.

**DEFENDANT'S PRAYER FOR RELIEF**

WHEREFORE, Defendant respectfully requests that the Court enter judgment in its favor and against Plaintiffs, as follows:

1. That Plaintiffs be denied any relief in this action;

2. That judgment be entered in Defendant's favor and dismissing the Complaint with prejudice;

3. That Defendant be awarded its costs of suit, including, without limitation, reasonable attorneys' fees, pursuant to 17 U.S.C. § 505; and

4. That the Court award Defendant such other and further relief as the Court deems just and proper.

## COUNTERCLAIM

Counterclaimant Skywork AI Pte Ltd. ("Skywork"), as and for its counterclaim against Counterclaim-Defendant New Leaf Publishing, Inc., hereby alleges as follows:

## NATURE OF THE ACTION

1. Counterclaim-Defendant New Leaf Publishing, Inc. obtained a copyright registration premised on information that was inaccurate, and that New Leaf Publishing knew was inaccurate, when submitted to the U.S. Copyright Office. New Leaf Publishing now improperly seeks to use that defective registration to restrict the distribution of Counterclaimant Skywork AI Pte Ltd.'s own works and to support claims for monetary and injunctive relief in this action. Accordingly, Skywork seeks a judicial declaration pursuant to 17 U.S.C. § 411(b) and 28 U.S.C. § 2201 that the registration is invalid and will not support this action.

## PARTIES

2. Counterclaimant Skywork AI Pte Ltd. is a private limited company organized and existing under the laws of Singapore, with its principal place of business at 2 Science Park Drive, #01-08, Ascent, Singapore 118222.

3. Upon information and belief, Counterclaim-Defendant New Leaf Publishing, Inc. ("New Leaf Publishing") is a corporation organized and existing under the laws of Delaware, with its principal place of business in Sunnyvale, California. Upon information and belief, New Leaf Publishing is an affiliate of

ReelShort LLC ("ReelShort"), and both are subsidiaries of Plaintiff Crazy Maple Studio, Inc., which in turn is a partially owned subsidiary of Beijing-based COL Group.

## JURISDICTION AND VENUE

4. This action arises under the United States Copyright Act, 17 U.S.C. § 101 *et seq*., and the Declaratory Judgment Act, 28 U.S.C. § 2201.

5. This Court has original subject matter jurisdiction over the counterclaim set forth herein pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. This Court has personal jurisdiction over Counterclaim-Defendant New Leaf Publishing because New Leaf Publishing maintains its principal place of business in the state of California and has submitted to personal jurisdiction by filing the Complaint.

7. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and 1400(a) because a significant portion of the events giving rise to this action took place in this judicial district and because New Leaf Publishing is subject to personal jurisdiction with respect to this action.

## FACTUAL BACKGROUND

8. Counterclaim-Defendant New Leaf Publishing, together with its affiliate ReelShort LLC, distributes short-form motion pictures. Over the past four years, New Leaf Publishing has applied for and obtained more than 100 copyright registrations for those audiovisual works.

### The *Breaking the Ice* Registration (PA 2-483-214)

9. On or about July 27, 2024, the vertical short-form motion picture *Breaking the Ice* was released on the ReelShort App. *Breaking the Ice* is adapted from the novel *Shutout* by Jami Davenport. Like *Breaking the Ice*, *Shutout* follows the romantic reunion between Caroline, a single mother, and her first love, a professional hockey player named Easton Black, with whom Caroline shares a secret child.

10. The connection between *Breaking the Ice* and *Shutout* is well publicized. On her website, Jami Davenport encourages readers of her novel to "Watch *Breaking the Ice*, a vertical movie adaptation based on Shutout." Similarly, product descriptions for *Shutout* on online retail platforms note that the novel was "Adapted by ReelShort into a vertical movie titled 'Breaking the Ice.'"




11. On or about July 31, 2024, New Leaf Publishing filed a copyright application to register the work *Breaking the Ice* based on the knowingly false representation that New Leaf Publishing had authored the "entire motion picture." The application identified no preexisting material, excluded no material from the claim, and identified no limitation of the claim.

12. The U.S. Copyright Office issued copyright registration PA 2-483-214, based on the knowingly inaccurate representation by New Leaf Publishing that the audiovisual work *Breaking the Ice* was wholly original. A true and correct copy of that copyright registration certificate is annexed hereto as **Exhibit A**.

13. An application to register a derivative work must identify the preexisting material on which the work is based and exclude it from the claim. 17 U.S.C. § 409(9). But when applying to register *Breaking the Ice*, New Leaf Publishing failed to acknowledge *Breaking the Ice*'s source material and instead inaccurately claimed authorship over the "entire" work.

14. That omission was no mistake. New Leaf Publishing knew *Breaking the Ice* was an adaptation of Jami Davenport's 2020 novel *Shutout*. On information and belief, New Leaf Publishing or its affiliates had acquired the adaptation rights; produced the work based on the novel, retaining key elements such as main character names; and coordinated with Davenport to market the adaptation relationship to the public.

15. New Leaf Publishing and its affiliates were also well aware of the Copyright Office's requirement that applicants identify any preexisting works on which the claimed copyrighted work is based. Indeed, at least four earlier registrations obtained by New Leaf properly excluded preexisting script or screenplay material from the claims asserted, but the one for *Breaking the Ice* did not. The absence of any such exclusion from New Leaf Publishing's application to register *Breaking the Ice* was not a careless mistake or the product of ignorance—it was deliberate concealment.

16. New Leaf Publishing's inaccuracy was material to the Copyright Office's registration decision. Had the Register of Copyrights known that the work was derivative and that the application claimed the entire motion picture without excluding preexisting material, the Register would have refused registration of the application as submitted.

17. Pursuant to 17 U.S.C. § 411(b)(2), Skywork requests that the Court seek the advice of the Register of Copyrights as to whether the inaccurate information described above, if known, would have caused the Register of Copyrights to refuse registration of *Breaking the Ice*.

**<u>FIRST COUNTERCLAIM</u>**

**(Declaratory Judgment of Invalidity and Unenforceability of Copyright Registration — 17 U.S.C. § 411(b))**

**(Against New Leaf Publishing, Inc.)**

18. Counterclaimant repeats and realleges each and every allegation of the preceding paragraphs as though fully set forth herein.

19. On or about July 31, 2024, New Leaf Publishing submitted an application containing knowingly inaccurate information to register *Breaking the Ice* to the U.S. Copyright Office, identifying New Leaf Publishing as the sole author of the entire copyrighted work without identifying preexisting material on which *Breaking the Ice* was based.

20. New Leaf Publishing's representations were inaccurate and knowingly false when made.

21. Upon information and belief, New Leaf Publishing knew that the application failed to identify the work as a derivative work and, accordingly, that the application failed to comply with the requirements of 17 U.S.C. § 409.

22. These false representations were material to the Copyright Office's decision to issue copyright registration PA 2-483-214 to New Leaf Publishing.

23. New Leaf Publishing's registration of *Breaking the Ice* is invalid because New Leaf Publishing secured the registration by knowingly providing inaccurate information on which the Copyright Office materially relied in its decision to issue Copyright Registration No. PA 2-483-214.

24. Counterclaimant Skywork is thus entitled to a declaration pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, that New Leaf Publishing's registration of *Breaking the Ice* is invalid and will not support an action for infringement under 17 U.S.C. § 411(a).

**PRAYER FOR RELIEF**

WHEREFORE, Counterclaimant prays for judgment as follows on its counterclaim:

A. For a declaration that New Leaf Publishing's registration of *Breaking the Ice* is invalid and unenforceable, and that Registration No. PA 2-483-214 will not support an action for infringement under 17 U.S.C. § 411(a);

B. An order, pursuant to 17 U.S.C. § 411(b)(2), seeking the advice of the Register of Copyrights as to whether the inaccurate information described herein, if known, would have caused the Register of Copyrights to refuse registration of *Breaking the Ice*;

C. An award of all costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505; and

D. Such other relief as the Court deems proper.

**JURY DEMAND**

Defendant and Counterclaimant Skywork hereby demands a trial by jury on all issues so triable in this action, including all issues raised by its counterclaims.

DATED: SEPTEMBER 21, 2026

ELEANOR M. LACKMAN
ROBERT H. ROTSTEIN
MITCHELL SILBERBERG & KNUPP LLP

By: /s/ *Eleanor M. Lackman*
Eleanor M. Lackman (SBN 298594)
Robert H. Rotstein (SBN 72452)

Attorneys for Skywork AI Pte Ltd., a Singapore Private Limited Company