Joshua J. Pollack (State Bar No. 215922)
jpollack@nixonpeabody.com
NIXON PEABODY LLP
300 S. Grand Avenue, Suite 4100
Los Angeles, California 90071-3151
Telephone: (213) 629-6000
Facsimile: (213) 629-6001

Attorneys for Plaintiff and Counterclaim-Defendant NEW LEAF PUBLISHING, INC. and Plaintiffs CRAZY MAPLE STUDIO, INC., and REELSHORT, LLC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CRAZY MAPLE STUDIO, INC., a California corporation; NEW LEAF PUBLISHING, INC., a Delaware corporation; and REELSHORT LLC, a Delaware limited liability company,

Plaintiffs,

vs.

SKYWORK AI PTE LTD., a Singapore private limited company; and DOES 1 through 10, inclusive,

Defendants.

Case No. 2:26-cv-03119-RGK-AJR

**PLAINTIFF AND COUNTERCLAIM-DEFENDANT NEW LEAF PUBLISHING, INC.'S ANSWER TO DEFENDANT'S COUNTERCLAIM**

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, Plaintiff and Counterclaim-Defendant New Leaf Publishing, Inc. ("New Leaf"), by and through counsel, hereby responds to the Counterclaim filed by Defendant and Counterclaimant Skywork AI Pte Ltd. ("Skywork" or "Counterclaimant") and asserts defenses, on behalf of itself and no other party, as follows:

## NATURE OF THE ACTION

1. In response to Paragraph 1 of the Counterclaim, New Leaf denies that it

obtained a copyright registration premised on knowingly inaccurate information, denies that the registration is defective or invalid, and denies that Skywork is entitled to declaratory relief under 17 U.S.C. § 411(b) or 28 U.S.C. § 2201.

## PARTIES

2. New Leaf admits the allegations in Paragraph 2 of the Counterclaim.

3. New Leaf admits that it is a Delaware corporation with its principal place of business located in Sunnyvale, California. New Leaf further admits that it is an affiliate of ReelShort LLC and that Crazy Maple Studio, Inc., is the parent company of New Leaf. Except as expressly admitted herein, New Leaf denies the allegations contained in Paragraph 3 of the Counterclaim.

## JURISDICTION AND VENUE

4. Paragraph 4 of the Counterclaim contains legal conclusions to which no response is required. To the extent Paragraph 4 of the Counterclaim is intended to include any allegations of fact, New Leaf admits that the Counterclaim purports to assert a cause of action arising under the United States Copyright Act, 17 U.S.C. § 101 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. § 2201. New Leaf denies that Skywork is entitled to declaratory relief under 28 U.S.C. § 2201.

5. Paragraph 5 of the Counterclaim contains legal conclusions to which no response is required. To the extent Paragraph 5 of the Counterclaim is intended to include any allegations of fact, New Leaf admits that this Court has subject matter jurisdiction over the Counterclaim. Except as expressly admitted herein, New Leaf denies the allegations contained in Paragraph 5 of the Counterclaim.

6. Paragraph 6 of the Counterclaim contains legal conclusions to which no response is required. To the extent Paragraph 6 of the Counterclaim is intended to include any allegations of fact, New Leaf admits the allegations in Paragraph 6 of the Counterclaim.

7. Paragraph 7 of the Counterclaim contains legal conclusions to which no response is required. To the extent Paragraph 7 of the Counterclaim is intended to

include any allegations of fact, New Leaf admits that venue is statutorily proper in this District under 28 U.S.C. §§ 1391 and 1400, and that this Court has personal jurisdiction over New Leaf for purposes of this action. Except as expressly admitted herein, New Leaf denies the allegations contained in Paragraph 7 of the Counterclaim.

## FACTUAL BACKGROUND

8. New Leaf admits that it distributes short-form motion pictures. New Leaf further admits that, over the past four years, it has applied for and obtained more than 100 copyright registrations for audiovisual works. Except as expressly admitted herein, New Leaf denies the allegations contained in Paragraph 8 of the Counterclaim.

**The *Breaking the Ice* Registration (PA 2-483-214)**

9. New Leaf admits that on or about July 27, 2024, the short-form motion picture *Breaking the Ice* was released on the ReelShort App. To the extent the allegations in Paragraph 9 of the Counterclaim purport to characterize *Breaking the Ice* or the novel *Shutout* by Jami Davenport, those works speak for themselves and New Leaf denies any characterization inconsistent with the actual content of those works.

10. New Leaf lacks knowledge or information sufficient to form a belief regarding the allegations in Paragraph 10 of the Counterclaim, and therefore denies them.

11. New Leaf admits that it filed a copyright application to register the work *Breaking the Ice* on or about July 31, 2024, and refers to the application for its contents. New Leaf denies that it made any knowingly false representations in the copyright application. Except as expressly admitted and denied herein, New Leaf denies the allegations contained in Paragraph 11 of the Counterclaim.

12. New Leaf admits that the U.S. Copyright Office issued Copyright Registration No. PA 2-483-214 and refers to the Certificate of Registration for its contents. New Leaf denies that it made any knowingly inaccurate representations to the U.S. Copyright Office. Except as expressly admitted and denied herein, New Leaf denies the allegations contained in Paragraph 12 of the Counterclaim.

13. Paragraph 13 of the Counterclaim contains legal conclusions to which no response is required. To the extent Paragraph 13 of the Counterclaim is intended to include any allegations of fact, New Leaf denies the allegations contained in Paragraph 13 of the Counterclaim.

14. New Leaf denies the allegations in Paragraph 14 of the Counterclaim.

15. New Leaf denies the allegations in Paragraph 15 of the Counterclaim.

16. New Leaf denies the allegations in Paragraph 16 of the Counterclaim.

17. Paragraph 17 of the Counterclaim contains legal conclusions to which no response is required. To the extent Paragraph 17 of the Counterclaim is intended to include any allegations of fact, New Leaf denies that a referral to the Register of Copyrights is warranted or appropriate.

**FIRST COUNTERCLAIM**

**(Declaratory Judgment of Invalidity and Unenforceability of Copyright Registration — 17 U.S.C. § 411(b))**

**(Against New Leaf Publishing, Inc.)**

18. New Leaf re-alleges and incorporates by reference its responses to Paragraphs 1 through 17 above as though fully set forth herein.

19. New Leaf admits that on or about July 31, 2024, it submitted a copyright application to register the work *Breaking the Ice* to the U.S. Copyright Office, and refers to the application for its contents. New Leaf denies that the application contained any knowingly inaccurate information. Except as expressly admitted and denied herein, New Leaf denies the allegations contained in Paragraph 19 of the Counterclaim.

20. New Leaf denies the allegations in Paragraph 20 of the Counterclaim.

21. New Leaf denies the allegations in Paragraph 21 of the Counterclaim.

22. New Leaf denies the allegations in Paragraph 22 of the Counterclaim.

23. New Leaf denies the allegations in Paragraph 23 of the Counterclaim.

24. Paragraph 24 of the Counterclaim contains legal conclusions to which no response is required. To the extent Paragraph 24 of the Counterclaim is intended to

include any allegations of fact, New Leaf denies the allegations in Paragraph 24 of the Counterclaim.

## GENERAL DENIAL

New Leaf denies each factual allegation in the Counterclaim that is not specifically admitted or otherwise addressed in the preceding paragraphs and demands strict proof thereof.

## RESPONSE TO PRAYER FOR RELIEF

New Leaf denies that Skywork is entitled to the relief requested or to any other relief against New Leaf and further prays that Skywork's Counterclaim be dismissed with prejudice and that Skywork take nothing by way of its Counterclaim against New Leaf. To the extent a further response to Skywork's prayer is necessary, New Leaf denies each and every allegation set forth in Skywork's Prayer for Relief (paragraphs A through D, inclusive).

## AFFIRMATIVE AND OTHER DEFENSES

Without waiving or excusing Skywork's burden of proof or admitting that New Leaf has any burden of proof on the Counterclaim, New Leaf asserts the following affirmative and other defenses. New Leaf does not presently know all facts and circumstances with respect to Skywork's allegations and therefore reserves the right to amend this Answer should it later discover facts demonstrating the existence of additional defenses.

## FIRST AFFIRMATIVE DEFENSE

**(Failure to State a Claim)**

Skywork's Counterclaim, and each purported cause of action therein, fails to state a claim upon which relief can be granted under 17 U.S.C. § 411(b).

## SECOND AFFIRMATIVE DEFENSE

**(Lack of Standing / No Case or Controversy)**

Skywork lacks standing to bring the Counterclaim and/or there is no actual case or controversy sufficient to support declaratory relief under 28 U.S.C. § 2201.

**THIRD AFFIRMATIVE DEFENSE**

**(No Knowledge of Inaccuracy)**

If any information contained in the application for copyright registration of *Breaking the Ice* was inaccurate, such information was not included with knowledge that it was inaccurate within the meaning of 17 U.S.C. § 411(b)(1)(A).

**FOURTH AFFIRMATIVE DEFENSE**

**(Immateriality)**

If any information contained in the application for copyright registration of *Breaking the Ice* was inaccurate, such inaccuracy was not material and would not have caused the Registrar of Copyrights to refuse registration under 17 U.S.C. § 411(b)(1)(B).

**FIFTH AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

Skywork's claim is barred, in whole or in part, by the doctrine of unclean hands, including, without limitation, because Skywork is actively infringing New Leaf's copyrighted works.

**SIXTH AFFIRMATIVE DEFENSE**

**(Reservation of Defenses)**

New Leaf reserves the right to plead and prove further affirmative defenses as they may become known, as it presently lacks sufficient knowledge or information upon which to form a belief as to such additional, as yet unknown, affirmative defenses.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff and Counterclaim-Defendant New Leaf Publishing, Inc., respectfully requests that the Court enter judgment in its favor and against Counterclaimant Skywork AI Pte Ltd., as follows:

1. That the Counterclaim be dismissed with prejudice and in its entirety;
2. That Skywork take nothing by reason of the Counterclaim and that judgment be entered against Skywork and in favor of New Leaf on each and every cause

of action alleged in the Counterclaim;

3. That New Leaf be awarded its costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505; and

4. That the Court award New Leaf such other and further relief as the Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b), New Leaf demands a trial by jury on all issues triable by right to a jury in this matter.

Dated: October 13, 2026

NIXON PEABODY LLP

By: */s/ Joshua J. Pollack*
Joshua J. Pollack

Attorneys for Plaintiff and Counterclaim-Defendant NEW LEAF PUBLISHING, INC. and Plaintiffs CRAZY MAPLE STUDIO, INC., and REELSHORT, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on October 13, 2026, the foregoing document was electronically filed using the court's CM/ECF system, which will automatically send notification of such filing to all registered participants in this case.

Dated: October 13, 2026 *<u>/s/ Joshua J. Pollack</u>*

Joshua J. Pollack