JOSHUA J. POLLACK (SBN 215922)
jpollack@nixonpeabody.com
CHRISTIAN P. ERWIN (SBN 333598)
cerwin@nixonpeabody.com
NIXON PEABODY LLP
300 S. Grand Avenue, Suite 4100
Los Angeles, California 90071-3151
Telephone: (213) 629-6000
Facsimile: (213) 629-6001

*Attorneys for Plaintiffs Crazy Maple Studio, Inc., New Leaf Publishing, Inc., and ReelShort, LLC*

ELEANOR M. LACKMAN (SBN 298594)
eml@msk.com
ROBERT H. ROTSTEIN (SBN 72452)
rxr@msk.com
MITCHELL SILBERBERG & KNUPP LLP
2049 Century Park East, 18th Floor
Los Angeles, CA 90067-3120
Telephone: (310) 312-2000
Facsimile: (310) 312-3100

*Attorneys for Defendant Skywork AI Pte Ltd., a Singapore Private Limited Company*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRAZY MAPLE STUDIO, INC., a California corporation; NEW LEAF PUBLISHING, INC., a Delaware corporation; and REELSHORT LLC, a Delaware limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>SKYWORK AI PTE LTD., a Singapore private limited company; and DOES 1 through 10, INCLUSIVE,<br><br>Defendants. | CASE NO. 2:26-cv-03119 RGK (AJRx)<br><br>**JOINT RULE 26(f) REPORT**<br><br>Date: Nov. 9, 2026<br>Time: 9:00 a.m.<br>Courtroom: 850<br><br>Honorable R. Gary Klausner |

Pursuant to Fed. R. Civ. P. 26(f), Local Rule 26-1, and the Court's September 22, 2026 Order Setting Scheduling Conference (Dkt. 14), Plaintiffs Crazy

Maple Studio, Inc. ("Crazy Maple Studio"), New Leaf Publishing, Inc. ("New Leaf Publishing"), and ReelShort LLC ("ReelShort," and together with Crazy Maple Studio and New Leaf Publishing, "Plaintiffs") and Defendant Skywork AI Pte Ltd. ("Skywork" or "Defendant"), through their respective counsel, jointly submit this Joint Rule 26(f) Report.

**RULE 26(f) CONFERENCE**

Counsel for Plaintiffs and Defendant (collectively, the "Parties") conferred on October 19, 2026 to discuss the various topics and disclosures required by Rule 26 and Local Rule 26-1 in preparation for submitting this Report to the Court. The Parties' submission is based upon matters as known to them as of the date of this filing, without limitation and subject to any information disclosed in the course of discovery.

## A. STATEMENT OF THE CASE

The Parties agree that this section is intended for the purposes of this Rule 26(f) report only and does not fully represent the Parties' allegations or defenses. The positions of the Parties are more fully represented by the pleadings on file with the Court.

### 1. Plaintiffs' Statement

Plaintiffs have developed the popular ReelShort mobile application (the "ReelShort App") and https://reelshort.com website (collectively, the "ReelShort Platforms"). Since its launch in August 2022, the ReelShort App has rapidly emerged as a global leader in the short-form drama market, winning widespread acclaim.

Plaintiffs are the owners of intellectual property rights in content available on the ReelShort Platforms and the https://www.youtube.com/@reelshortapp YouTube channel, including, but not limited to, copyrights in the six short-form motion pictures at issue in this case: *Breaking the Ice*; *Doctor Boss Is My Baby Daddy*; *How to Tame a Silver Fox*; *My Stepbrother's Dirty Secret*; *Pregnant by My Ex's Professor Dad*; and *You Fired a Tech Genius* (collectively "Plaintiffs' Works").

Skywork, without authorization or license from Plaintiffs, has published, distributed, publicly performed, and/or publicly displayed the following short-form motion pictures on its DramaWave App that copy original, protectable expression from Plaintiffs' Works: *Lap by Lap, Back to You*; *Doctor, My Baby Is Yours!*; *Hooking Up with Dad's Best Friend*; *My Taboo Crush on My Stepbrother*; *Tempted by My Ex's Professor Daddy*; *From Fired to Financial Queen* (collectively, the "Infringing Works" or "Defendant's Works"). Skywork had access to each of Plaintiffs' Works including because they are publicly available and distributed on the ReelShort App. Each of the Infringing Works was first published, distributed, publicly performed, and/or displayed on Skywork's DramaWave App after its corresponding Plaintiffs' Work was created and made publicly available. The degree of similarity between Plaintiffs' Works and the Infringing Works is so substantial that it reflects a pattern of copying rather than coincidence.

Plaintiffs notified Skywork of its copyright infringement in a series of emails sent between September 2025 and January 2026 and demanded that Skywork remove the Infringing Works from the DramaWave App. Skywork failed to do so, and on March 23, 2026, Plaintiffs filed their complaint for copyright infringement in this action. (Dkt. 1.)

Skywork's counterclaim against New Leaf Publishing for declaratory judgment of invalidity and unenforceability of Plaintiffs' copyright in *Breaking the Ice* (Dkt. 13) is without merit and is a transparent attempt to gain leverage in the parties' dispute regarding the Infringing Works. Skywork is not entitled to the relief it seeks in its counterclaim.

**2. <u>Defendant's Statement</u>**

Defendant Skywork AI Pte Ltd. is a Singaporean company that operates DramaWave, a platform that distributes mobile-first, short-episode, serialized romance melodrama in the formats of vertical videos, series, and movies. There are more than 8,000 distinct vertical dramas on the DramaWave platform. Plaintiffs'

claims in this action focus on six: *Lap by Lap, Back to You; Doctor, My Baby Is Yours!*; *Hooking Up with Dad's Best Friend*; *My Taboo Crush on My Stepbrother*; *Tempted by My Ex's Professor Daddy*; and *From Fired to Financial Queen* (collectively, "Defendant's Works"). Defendant disputes Plaintiffs' allegations that Defendant's Works infringe copyrights in *Breaking the Ice*; *Doctor Boss Is My Baby Daddy*; *How to Tame a Silver Fox*; *My Stepbrother's Dirty Secret*; *Pregnant by My Ex's Professor Dad*; and *You Fired a Tech Genius* (collectively, "Plaintiffs' Works"). Defendant notes that—aside from other issues in the purported notice—not all of Plaintiffs' Works were identified. Defendant contends that each of Defendant's vertical films was created independently of Plaintiffs' Works. Moreover, Plaintiffs' and Defendant's Works are not substantially similar as a matter of law. Plaintiffs cherry-pick high-level, purported commonalities relating only to unprotectable elements of Plaintiffs' Works, including stock characters, plot conventions, and standard tropes that are common to many romantic vertical dramas and to popular romance fiction more broadly. Accordingly, Plaintiffs are not entitled to the relief they seek, and Crazy Maple Studio is not the claimant of any registration in suit, as reflected in the Complaint and the registration certificates.

Further, Skywork has filed a counterclaim against New Leaf Publishing, Inc., alleging that New Leaf Publishing knowingly submitted to the U.S. Copyright Office materially inaccurate information concerning the authorship of *Breaking the Ice* in order to secure a copyright registration. Answer and Countercl., ECF No. 13. Specifically, Skywork alleges that New Leaf Publishing knowingly failed to disclose in its copyright application that *Breaking the Ice* was a derivative work based on Jami Davenport's 2020 novel *Shutout* and that this inaccuracy in the application, if known, would have caused the Register of Copyrights to refuse the registration. *See id.* ¶¶ 13, 14, 16. Defendant seeks a judicial declaration pursuant to 28 U.S.C. § 2201 that Copyright Registration No. PA 2-483-214 is invalid and unenforceable, an order requesting that the Register of Copyrights advise the Court on whether the Register

would have refused registration had New Leaf Publishing provided accurate information, and an award of costs and reasonable attorneys' fees. New Leaf Publishing admits that Crazy Maple Studio is its parent company; admits that the work *Breaking the Ice* was released on the ReelShort App on or about July 27, 2024; "admits that it filed a copyright application to register the work *Breaking the Ice* on or about July 31, 2024"; and does not deny *Breaking the Ice* is derived from Jami Davenport's preexisting work. Answer to Countercl. ¶¶ 3, 9, 11, ECF No. 19.

## B. SUBJECT MATTER JURISDICTION

This is an action arising under the Copyright Act, 17 U.S.C. §§ 101 *et seq*. This Court has subject matter jurisdiction because this is an action arising under the Copyright Act, 17 U.S.C. §§ 101 *et seq*., exclusive federal jurisdiction being conferred pursuant to 28 U.S.C. § 1338(a). This Court also has subject matter jurisdiction over Defendant's counterclaim, which arises under the Copyright Act and the Declaratory Judgment Act, 28 U.S.C. § 2201.

## C. LEGAL ISSUES

Based on Plaintiffs' claim for copyright infringement, Skywork's counterclaim for declaratory judgment of copyright invalidity and unenforceability, and the Parties' affirmative defenses, the Parties anticipate that this case will likely include at least the following legal issues:

a. The ownership of the copyrights in Plaintiffs' Works;
b. The validity and enforceability of the copyrights in Plaintiffs' Works;
c. Whether Skywork had knowledge of Plaintiffs' Works prior to creating or licensing Defendant's Works, and when Skywork first became aware of Plaintiffs' Works;
d. Whether Skywork had access to Plaintiffs' Works prior to creating or licensing Defendant's Works, and when Skywork first gained access to Plaintiffs' Works;
e. Whether Defendant's Works are "substantially similar" to Plaintiffs' Works

as defined by the Copyright Act and Ninth Circuit and U.S. Supreme Court precedent;

f. Whether the elements of Plaintiffs' Works that Defendant allegedly copied constitute protectable expression;

g. Whether Defendant independently created Defendant's Works;

h. Whether, and to what extent, Plaintiffs suffered actual damages tied to Defendant's alleged infringement of Plaintiffs' Works;

i. Whether each Plaintiff has standing to assert the claims alleged;

j. Whether Defendant's alleged copyright infringement was willful;

k. Whether New Leaf Publishing's copyright in *Breaking the Ice* is invalid or unenforceable, whether New Leaf Publishing knowingly included inaccurate information in such application, and whether the Register of Copyrights would have refused Plaintiff's application as a result; and

l. Whether Skywork has standing to assert its counterclaim.

## D. <u>PARTIES, EVIDENCE, ETC.</u>

### 1. <u>Plaintiffs' Contentions</u>

Plaintiffs currently anticipate seeking evidence related to all of their claims, including but not limited to: evidence regarding Defendant's creation and/or licensing of the Infringing Works, including the writing, development, production, and distribution of the Infringing Works; Defendant's knowledge of, and access to, Plaintiffs' Works; Defendant's revenues, expenses, and profits attributable to the Infringing Works; Defendant's efforts to investigate or attempt to determine whether the Infringing Works infringed another party's copyrights; and Defendant's policies for determining whether its works are, or may be, infringing another party's copyrights. Plaintiffs intend to depose Defendant, as well as any partners, agents, representatives, employees, or others who developed, wrote, produced, distributed, worked on, licensed, or were otherwise involved with the Infringing Works. Plaintiffs may also seek discovery from third parties from whom Defendant allegedly licensed

certain Infringing Works and may seek discovery from additional third parties depending on information disclosed in discovery. These anticipated topics are not complete at this time, and Plaintiffs expressly reserve the right to add or modify anticipated deponents and topics as this case progresses.

**2. Defendant's Contentions**

Defendant currently anticipates seeking evidence related to all of Plaintiffs' claims, including but not limited to, evidence regarding the ownership of Plaintiffs' Works; the originality of Plaintiffs' Works, including any preexisting works from which Plaintiffs' Works were derived; the copyright registrations in Plaintiffs' works, including correspondence with the U.S. Copyright Office; the writing, development, production, and distribution of Plaintiffs' Works; and revenues, expenses, profits attributable to Plaintiffs' Works and any alleged damages suffered by Plaintiffs. Defendant intends to depose Plaintiffs, as well as any partners, agents, representatives, and others who developed, wrote, produced, distributed, worked on, or were otherwise involved in Plaintiffs' Works. Defendant may seek additional discovery from third-party witnesses depending on information received through discovery. These anticipated topics are not complete at this time, and Defendant expressly reserves the right to add or modify anticipated deponents and topics identified above.

**E. DAMAGES**

**1. Plaintiffs' Damages**

Plaintiffs seek actual damages for Defendant's willful infringement of Plaintiffs' copyrights in Plaintiffs' Works pursuant to 17 U.S.C. § 504, or, in the alternative, statutory damages pursuant to 17 U.S.C. § 504(c). Plaintiffs further seek their costs and reasonable attorney's fees pursuant to 17 U.S.C. § 505.

**2. Defendant's Damages**

Defendant does not at present seek damages but reserves the right to seek damages, including costs and fees, after further discovery.

**F. MOTIONS**

**1. Plaintiffs' Motions**

Plaintiffs do not have any present intention to file non-dispositive motions, but reserve their right to file such motions should they become necessary as discovery proceeds.

**2. Defendant's Motions**

Defendant does not have any present intention to file non-dispositive motions; however, that may change as discovery proceeds, and Defendant reserves its right to file such motions as may be necessary.

**G. DISPOSITIVE MOTIONS**

**1. Plaintiffs' Motions**

Plaintiffs intend to file either a motion for summary judgment or a motion for summary adjudication on Plaintiffs' claim of copyright infringement as to some, or all, of Defendant's Works and on Defendant's counterclaim. The scope of Plaintiffs' dispositive motion will depend on the nature of facts revealed in discovery.

**2. Defendant's Motions**

Defendant intends to file a motion for summary judgment on Plaintiffs' claim of copyright infringement on the grounds that once stock characters, plot conventions, and common romance-genre tropes are filtered out, the works are not substantially similar to each other under the extrinsic test and Crazy Maple Studio lacks an ownership interest in any of the copyright registrations in the case. Defendant also intends to move for summary judgment on its counterclaim, which will involve requesting the advice of the Register of Copyrights.

**H. MANUAL FOR COMPLEX LITIGATION**

The Parties agree that this is not a complex case.

**I. STATUS OF DISCOVERY**

No Party has propounded formal discovery thus far. The Parties, however, have engaged in discussions regarding the type of discovery that is contemplated. The

Parties will prepare a stipulated protective order for submission to the Court.

**J. <u>DISCOVERY PLAN</u>**

The Parties anticipate using all discovery allowed under the Federal Rules, including depositions, requests for documents, interrogatories, requests for admission, and subpoenas, and entering into an appropriate stipulated protective order.

**Initial Disclosures.** The Parties agree that Initial Disclosures shall be made on November 2, 2026.

**Subjects of Discovery.** All written discovery shall be conducted in accordance with the Federal Rules of Civil Procedure, specifically Rule 26 and Rules 29 through 37, as well as applicable Local Rules and the Orders of this Court. The Parties agree to act reasonably in attempting to informally resolve any discovery dispute that may arise and to confer with each other to attempt to resolve any issue in good faith prior to seeking Court intervention.

Without limitation and subject to information disclosed in the course of discovery, the Parties currently anticipate the subjects on which discovery may be needed include, *inter alia*, the following: the ownership and registration of Plaintiffs' Works and Defendant's Works; the originality of Plaintiffs' Works, including any preexisting works from which Plaintiffs' Works were derived; the alleged substantial similarity between Plaintiffs' Works and Defendant's Works, including the prevalence of the allegedly similar elements in prior works; the writing, development, production, and distribution of Plaintiffs' Works and Defendant's Works; Defendant's knowledge, or awareness, of Plaintiffs' Works; Defendant's access to Plaintiffs' Works; Defendant's acquisition of rights in and to Defendant's Works, to the extent Defendant's Works were developed by a third-party; revenues, expenses, profits attributable to Plaintiffs' Works and Defendant's Works; and any alleged damages suffered by Plaintiffs.

**Whether Discovery Should Be Conducted in Phases.** The Parties do not currently anticipate the need to conduct fact discovery in phases, and do not anticipate

the need for severance, bifurcation, or other ordering of proof at this time. However, the Parties propose that any expert discovery should be conducted after the completion of fact discovery and should be completed prior to the deadline to file dispositive motions.

**Disclosure, Discovery and Preservation of Electronically Stored Information.** The Parties do not currently anticipate any issues regarding the disclosure, discovery, or preservation of electronically stored information. The Parties agree to meet and confer regarding the format for production of documents and whether a stipulated order governing the discovery of electronically stored information is warranted.

**Stipulated Protective Order.** The Parties agree that a protective order will be required for the exchange and handling of documents in this litigation. The Parties will cooperate to prepare a proposed protective order for submission to the Court.

**Privilege Issues.** The Parties agree to produce privilege logs listing any documents (or portions thereof) that would otherwise be responsive but are being withheld based upon a claim of privilege. The Parties will cooperate to agree on the form of such privilege logs, as well as the date by which to produce their respective privilege logs. The Parties otherwise agree to the provisions stated in Federal Rule of Evidence 502 and agree that the Protective Order shall include a provision that the inadvertent disclosure of privileged information shall not constitute a waiver thereof and shall include a claw-back provision for the return of inadvertently produced privileged information. The Parties agree that they do not need to log privileged communications and work product generated after the commencement of this action (*i.e.*, March 23, 2026).

**Changes to Limitations on Discovery.** The Parties propose that the time limit for any deposition conducted through an interpreter be extended to 10 hours. The Parties agree that no further changes are needed to the limitations on discovery imposed by the Federal Rules and Local Rules at this time. The Parties reserve their

rights to request changes from the Court in the future if the need arises.

**Electronic Service.** The Parties consent to email service in this matter and agree that—for scheduling purposes—service will be effective on the date the email was received by the designated attorneys, as if made by personal service.

Plaintiffs may be served by emailing Joshua Pollack (jpollack@nixonpeabody.com) and Christian Erwin (cerwin@nixonpeabody.com) from Nixon Peabody LLP.

Defendant may be served by emailing Eleanor Lackman (eml@msk.com), Robert Rotstein (rxr@msk.com), and Audrey Adu-Appiah (a3a@msk.com) from Mitchell Silberberg & Knupp LLP.

## K. EXPERT DISCOVERY

The Parties propose that any expert discovery should be conducted after the completion of fact discovery and should be completed prior to the deadline to file dispositive motions. The Parties refer the Court to the Proposed Schedule below for applicable proposed expert discovery deadlines.

## L. SETTLEMENT

Plaintiffs issued a formal written proposal of settlement terms to Defendant Skywork on August 6, 2026, to which Skywork formally responded on September 11, 2026. Plaintiffs have not yet responded to Skywork's response, and no agreement has yet been reached. The Parties have also conferred regarding the possibility of an early mediation but have not yet reached agreement on this issue.

The Parties have conferred regarding the Alternative Dispute Resolution (ADR) procedures under Local Rule 16-15.4. At this time, Plaintiffs prefer to utilize ADR Procedure Nos. 2 or 3; Defendant prefers to utilize ADR Procedure No. 3.

## M. ADDITIONAL PARTIES

The Parties do not anticipate the appearance of additional parties. With respect to Does 1-10:

Plaintiffs' Position: Plaintiffs request that any dismissal of Doe defendants be

delayed until the deadline to amend the pleadings has passed so that Plaintiffs may obtain relevant discovery from Defendant.

Defendant's Position: Defendant requests that unless Plaintiff provides requisite identification, the Doe defendants be dismissed at the Scheduling Conference. Plaintiffs have not identified or served any Doe defendant and, under the Court's Standing Order, any Doe defendant not identified and served within 90 days after the case is filed shall be dismissed pursuant to Federal Rule of Civil Procedure 4(m). *See* Standing Order Regarding Newly Assigned Case ¶ 1. This action was filed on March 23, 2026, and the 90-day period has expired.

**N. TRIAL ESTIMATE**

All Parties have requested a jury trial. The Parties estimate the trial in this matter will last between 7 and 9 court days, assuming interpreted testimony. Without limitation and subject to the information disclosed in the course of discovery, Plaintiffs anticipate calling approximately 8 to 10 witnesses to testify at trial. Defendant anticipates calling approximately 10 witnesses.

**O. TRIAL COUNSEL**

Plaintiffs' Trial Counsel: Joshua J. Pollack and Christian P. Erwin from Nixon Peabody LLP.

Defendant's Trial Counsel: Eleanor M. Lackman and Robert H. Rotstein from Mitchell Silberberg & Knupp LLP.

**P. INDEPENDENT EXPERT OR MASTER**

The Parties do not believe this case requires the Court to appoint a master pursuant to Rule 53 or an independent scientific expert.

**Q. PROPOSED CASE SCHEDULE**

The Parties have not reached agreement on a proposed case schedule, and their respective proposals are set forth below.

| **Event** | **Plaintiffs' Requested Dates**[1] | **Defendant's Requested Dates** |
|---|---|---|
| Deadline to Amend Pleadings or Add Parties | December 21, 2026 | December 21, 2026 |
| Fact Discovery Cut-Off (Including Depositions) | April 16, 2027 | April 16, 2027 |
| Initial Expert Witness Disclosures | May 14, 2027 | May 14, 2027 |
| Rebuttal Expert Witness Disclosures | June 4, 2027 | June 4, 2027 |
| Expert Discovery Cut-Off (Including Depositions) | June 25, 2027 | June 25, 2027 |
| Last Day to Hear Dispositive Motions | August 16, 2027 | September 13, 2027 |
| Pre-Trial Conference | September 6, 2027 | October 25, 2027 |
| Trial Date | September 21, 2027, or as soon as practicable thereafter | November 9, 2027, or as soon as practicable thereafter |

**R. OTHER ISSUES**

The Parties anticipate the following issues or complications regarding the management of this case: Witnesses for both sides will be located abroad, in China or Singapore, which may cause complications with respect to the rules of procedure applicable to the witnesses; delays related to service under the Hague Convention; logistics issues related to depositions, including issues with travel, remote testimony, translation needs and delays associated with interpretation; or other challenges that are not typical in a standard copyright infringement case before this court. In

[1] Plaintiffs' lead trial counsel will be unavailable October 1-3, 2027 (Rosh Hashanah), October 10-11, 2027 (Yom Kippur), and October 15-24, 2027 (Sukkot), and requests that the Court refrain from scheduling major deadlines during those time periods.

addition, Defendant understands that the People's Republic of China does not permit depositions to be taken within its territory for use in foreign proceedings. The works at issue in this case are serialized vertical dramas comprising roughly 18 hours of audiovisual content, and each of the six pairs requires a separate comparison under the extrinsic test, with likely expert testimony on each, and translation required of the relevant external documents. These considerations may require additional time to complete fact and expert discovery, which in Defendant's view merits sufficient room before dispositive motions to finish key expert discovery, and may affect the presentation of witness testimony at trial.

WHEREUPON, the Parties, by and through their respective attorneys of record, hereby jointly submit this Joint Report.

DATED: NOVEMBER 2, 2026

ELEANOR M. LACKMAN
ROBERT H. ROTSTEIN
MITCHELL SILBERBERG & KNUPP LLP

By: */s/ Eleanor M. Lackman*
Eleanor M. Lackman (298594)
Robert H. Rotstein (72452)

*Attorneys for Skywork AI Pte Ltd., a Singapore Private Limited Company*

DATED: NOVEMBER 2, 2026

JOSHUA J. POLLACK
NIXON PEABODY LLP

By: */s/ Joshua J. Pollack*
Joshua J. Pollack (SBN 215922)
*Attorneys for Plaintiffs*

**Attestation Regarding Signatures**

I, Joshua J. Pollack, attest that all signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

DATED: November 2, 2026

By: /s/ Joshua J. Pollack

Joshua J. Pollack